[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, by counsel, has filed an amended petition for a writ of habeas corpus. The petition is based on a claim of ineffective assistance of trial counsel.
The petitioner was arrested on July 16, 1996 and charged with various drug related offenses in eight separate dockets in the Superior Court for the Judicial District of Windham at Putnam. In the aggregate, he was charged in sixteen counts, fourteen being felony charges. The counts included charges of eight sales of heroin, four of which were to undercover police officers, and the operation of a drug factory. Overall, the cases against the defendant involved the largest seizure of drugs in Willimantic in ten years. He was represented by Special Public Defender Lawrence W. Bates of Willimantic.
On February 21, 1997, Mr. Bates requested that the court order a drug and alcohol dependency evaluation (CADAC) of the petitioner. The evaluation was ordered and it concluded that the petitioner was drug dependent.
On May 2, 1997, the petitioner pleaded guilty to four counts of selling an illegal drug in violation of Connecticut General Statutes 21a-278
(b). All other charges were nolled. The requirement of an investigation by the probation department was waived, and the petitioner was sentenced that day in accordance with an agreed recommendation to a term of CT Page 369 imprisonment of twenty years on each count, execution suspended after twelve years, five of which were nonsuspendable and mandatory, followed by five years probation. All sentences were to run concurrently with each other. The petitioner is presently serving this sentence in the custody of the Commission of Corrections.
The petitioner alleges that his counsel was ineffective in that: he did not adequately advise the petitioner concerning his options with respect to pleading guilty or going to trial; he did not adequately advise the petitioner concerning his options with respect to various potential defenses; he failed to ensure that the petitioner's pleas were made knowingly, intelligently, and voluntarily; he did not adequately advise the petitioner concerning the burden of proof on the issue of drug dependency under Section 21a-278 (b); he did not adequately pursue the issue of petitioner's drug dependence; he did not conduct sufficient pretrial investigation of the changes against the petitioner; and he was prejudiced in his representation of the petitioner because the petitioner had failed to pay his fees in a previous matter. It is further alleged that defense counsel's performance fell below the standard of reasonable competence of criminal defense attorneys, and but for counsel's inadequacies it is reasonably probable that the petitioner would not have pleaded guilty and would have gone to trial.
"In order . . . to prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice." Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 445, 610 A.2d 598 (1992); Daniel v.Commissioner of Correction, supra, 57 Conn. App. 664. "Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' Strickland v. Washington, supra, 466 U.S. 694." Daniel v. Commissioner of Correction, supra, 664.
"In Hill v. Lockhart, supra, 474 U.S. 57-58, the court determined that the [Strickland] two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement in Strickland were relevant in the context of guilty pleas. Although the first half of the Strickland test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard . . . to require . . . the defendant [to] show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) Copasv. Commissioner of Correction, supra, 234 Conn. 156; Daniel v.CT Page 370Commissioner of Correction, supra, 57 Conn. App. 664-65.
As indicated above, the petitioner must not only prove that his counsel's performance was inadequate, but also that if it were not for counsel's deficient representation, he would not have pleaded guilty, would have gone to trial, and either would have been acquitted or at least have received a lesser sentence than he received as a result of the guilty pleas. In the opinion of the court the petitioner has failed to prove either deficient performance or actual prejudice.
Mr. Bates testified in detail with respect to his representation of the petitioner. His testimony, which the court finds credible, and the transcript of the plea canvass and sentencing rebutted each of the various alleged deficiencies claimed by the petitioner. He testified that while a claim of drug dependency could have been raised with respect to several of the charges, the petitioner was exposed on the remaining charges to sentences far in excess of the agreed recommendation.
The court is of the opinion that considering the magnitude and strength of the many charges pending against the petitioner, Mr. Bates obtained a very favorable result for his client. The petitioner's testimony with respect to the plea negotiations is not credible. He testified that he "didn't think" he would have pleaded guilty if he had known that he was going to receive a sentence of twenty years suspended after twelve years. This evidence falls far short of proving that he would have gone to trial and received a more favorable result.
Accordingly, for the reasons set forth above, the amended petition for a writ of habeas corpus is denied.
William L. Hadden, Jr. Judge Trial Referee